IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM JARNIGAN,

                              Plaintiff,                              OPINION & ORDER

    v.                                                                         14-cv-415-jdp

NICOLE JOHNSON,

                              Defendant.

---

Pro se plaintiff William Jarnigan has submitted a proposed civil action alleging that defendant Nicole Johnson, a Rock County social worker, defamed him in violation of Wis. Stat. § 893.57. Plaintiff has paid an initial partial payment of the filing fee as previously directed by the court. Accordingly, the next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A.

In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing plaintiff's amended complaint with this principle in mind, I conclude that the amended complaint must be dismissed because this court does not have jurisdiction over a state law claim in the absence of diversity of citizenship.

ALLEGATIONS OF FACT

The allegations in the amended complaint do not identify the defendant, Nicole Johnson. This case is one of three in this court filed by plaintiff arising from Rock County's Department of Child Protective Services' efforts to protect plaintiff's son, T.J. See also case nos.

14-cv-356 and 14-cv-597. The allegations in case no. 14-cv-597 identify Johnson as a Rock County social worker involved in the case concerning plaintiff's son.

In the amended complaint in this case, Dkt. 3, plaintiff alleges that beginning in November 2013, defendant made unspecified false statements about plaintiff and his relationship with his son that constitute defamation, slander, and libel. Defendant did so maliciously, for the purpose of subjecting plaintiff to injury, contempt, hatred, ridicule, degradation, and disgrace. Defendant tried to make plaintiff seem abusive, neglectful, and in need of drug and alcohol treatment.

ANALYSIS

There are two problems with plaintiff's amended complaint. First, it does not allege sufficient facts. Under Rule 8, plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of these requirements is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Plaintiff's allegations are vague and conclusory. They do not give fair notice to Johnson of what she said or did that defamed plaintiff.

The second problem is more important: plaintiff's amended complaint does not establish that this court has subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint raises a federal question or alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03. Because jurisdiction is limited, federal courts

2

"have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Plaintiff cannot establish jurisdiction on the basis of a federal question. Plaintiff's case caption asserts claims of defamation, slander, and libel, which are all state-law claims. In fact, plaintiff specifically cites the Wisconsin statute under which he brings his claims. Plaintiff gives no indication that his claims under Wis. Stat. § 893.57 implicate federal law in any way.

Plaintiff apparently relies on diversity jurisdiction because he checked that box in section II of the Civil Cover Sheet. Dkt. 3-2. Because Johnson is a social worker in Rock County, it would seem very likely that she is, like plaintiff, a Wisconsin citizen. And indeed, in section III of the Civil Cover Sheet, plaintiff indicates that both he and Johnson are citizens of Wisconsin. Accordingly, plaintiff has failed to establish that this court has subject matter jurisdiction on the basis of the parties' diversity of citizenship.[1] Because this jurisdictional defect is not one that can be corrected, I will dismiss this case.

ORDER

IT IS ORDERED that this case is DISMISSED, without prejudice, for lack of subject matter jurisdiction.

Entered March 30, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[1] Plaintiff alleges damages of $75,000, which does not meet the amount in controversy requirement for diversity jurisdiction, which is damages *in excess* of $75,000. In this case, the amount in controversy requirement is immaterial because the parties are citizens of the same state.